# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MALLINCKRODT PLC, *et al.*, | : | Bankruptcy Case No. 20-12522 (JTD) |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| ACTHAR INSURANCE CLAIMANTS, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1780-LPS |
| | : | Bankr. BAP No. 21-88 |
| MALLINCKRODT PLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **27th** day of **January, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

_____

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

The present appeal relates to a December 6, 2021 Order of Bankruptcy Court Judge John T. Dorsey sustaining the Debtors' objection to certain Achthar-Related Administrative Claims, an oral Bench Ruling issued on the same day, and a December 21, 2021 written opinion and final order enter in connection with the Order and Bench Ruling.

Appellants include Attestor Limited and its affiliate entities including Avon Holding I, LLC and Humana Inc.  Appellees are Mallinckrodt plc and its affiliated debtors and debtors in possession.

The parties were not previously or presently involving in mediation or other ADR process.  Based on the nature of the relief granted by the Bankruptcy Court and the issues on appeal, the parties do not believe that mediation would be fruitful in this appeal, and request that this matter be removed from mandatory mediation.

Appellees proposed a briefing schedule to Appellants.  Thereafter, Appellants advised Appellees they intend to seek certification for direct review by the Third Circuit.  They also take the position that this Court not set a briefing schedule while that request in pending.  *See* D.I. 4, Amended Notice of Appeal.  Although Appellees intend to oppose certification, they are willing to agree that this Court need not setting a briefing schedule until certification is decided.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV.

P. 72(a) and D. DEL. LR 72.1 are anticipated because the Recommendation is consistent with the parties request.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge